# EXHIBIT A

*State Court Documents*

ELECTRONICALLY FILED - 2025 Oct 06 4:15 PM - CHEROKEE - COMMON PLEAS - CASE#2025CP1100654

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHEROKEE | ) | |
| | ) | |
| Sonya McGill, | ) | C.A. Number: 2025-CP-11-00654 |
|     Plaintiff, | ) | |
| vs. | ) | **AMENDED SUMMONS** |
| Nestlé USA, Inc. | ) | |
|     Defendant. | ) | |

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to this said Complaint upon the subscriber, at the address shown below, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, Plaintiff will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

HALLIGAN MAHONEY WILLIAMS SMITH
FAWLEY & REAGLE, PA

By: *s/Thomas K. Barlow*
Thomas K. Barlow, S.C. Bar No. 8995
tbarlow@hmwlegal.com

P.O. Box 11367
Columbia, South Carolina 29211
(803) 254-4035
*Attorneys for Plaintiff*

October 6, 2025
Columbia, South Carolina

ELECTRONICALLY FILED - 2025 Oct 06 4:15 PM - CHEROKEE - COMMON PLEAS - CASE#2025CP1100654

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | |
| ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHEROKEE ) | |
| ) | |
| Sonya McGill, ) | |
| ) | C.A. Number: 2025-CP-11-00654 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **AMENDED COMPLAINT** |
| Nestlé USA, Inc. ) | **(Jury Trial Demanded)** |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW Plaintiff, Sonya McGill, by and through her undersigned counsel, and states:

## PARTIES

1. Plaintiff, Sonya McGill, is a citizen and resident of Cherokee County, South Carolina and former employee of Nestlé USA, Inc. at its operations in Cherokee County, South Carolina.

2. Defendant, Nestlé USA, Inc. ("Nestlé") is a Pennsylvania Corporation with its principal place of business in South Carolina in Cherokee County, South Carolina.

3. This Honorable Court has jurisdiction over the parties and subject matter of this action and venue is proper in this Court.

## FACTUAL BACKGROUND

4. Plaintiff began working for Nestlé at its Gaffney, South Carolina location in August 2021. She successfully worked on different shifts in the freezer and on the tray hopper at the plant and was an employee in good standing prior to developing medical issues.

5. Due to serious health issues and concerns, Plaintiff was required to take medical leave in the summer of 2023 and was placed on leave under the Family and Medical Leave Act (FMLA) and short-term disability leave by way of Nestlé's third-party administrator.

6. Nestlé subsequently miscalculated Plaintiff's leave entitlement under the FMLA and terminated her employment while she was on company-assured FMLA leave on or around November 10, 2023, while she was under doctor's care with restrictions.

7. During her approved leave in the Fall of 2023, Plaintiff attempted to retrieve some of her personal items from her locker at the Nestlé plant. She discovered that her badge had been deactivated, and she was aggressively approached by a security guard who refused to allow her to retrieve her personal belongings, yelled at her, and escorted her from the premises in full view of her co-workers.

8. Plaintiff's badge should have been activated at that point as she was awaiting a light duty work assignment that would have allowed her to return from medical leave.

9. Plaintiff is informed and believes that human resources representative, Kevin Harper, directed the security guard to deactivate Plaintiff's work badge and escort her from the premises in view of her co-workers.

10. The obvious insinuation from these actions was that Plaintiff had engaged in some type of misconduct which would warrant a deactivated badge, security escort from the premises, and being banned from the workplace. These actions were obviously humiliating and embarrassing to Plaintiff.

11. Plaintiff was eventually provided the excuse that she was not allowed on the premises because she was on a leave of absence. However, this was inconsistent with Plaintiff had previously been told, and the false insinuation created by the guard's actions was not corrected by way of any communication with Plaintiff's co-workers.

12. Plaintiff is informed and believes that her negative reaction to the security guard's outrageous and defamatory treatment of her ultimately resulted in the termination of her employment.

**FOR A FIRST CAUSE OF ACTION**
**(Defamation)**

3

13. Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 12 of the Complaint by reference.

14. By forcibly and aggressively removing Plaintiff from the premises and taking away her access to her personal belongings during her company approved leave of absence, Defendant falsely communicated to other Nestlé employees, in no uncertain terms, that Plaintiff was unfit for her position at Nestlé and that she had engaged in some type of misconduct that warranted her being treated as a trespasser at her place of employment.

15. Kevin Harper further communicated Plaintiff's unfitness for her job by making false accusations about Plaintiff's job performance and conduct and terminating her employment for pretextual reasons. This falsely communicated and insinuated that Plaintiff was incapable of performing or was not satisfactorily performing her job.

16. All of these communications and actions were false, unnecessary, unprivileged, in bad faith, and made with actual malice and reckless disregard of their truth or falsity, as they were motivated by a desire to humiliate and embarrass Plaintiff and brand her as an untrustworthy and difficult employee.

17. These communications were also defamatory *per se* as they conveyed the message that Plaintiff was unfit for her trade or profession and damaged her in her occupation. As such, Plaintiff's damages are presumed.

18. As a direct result and consequence of the defamation of Plaintiff by Defendant's agents' actions, Plaintiff has and will suffer special damages, including but not limited to loss of reputation, mental anguish, emotional distress, pain and suffering, damage to her profession and occupation, and ability to earn income now and in the future.

19. Plaintiff is entitled to actual and punitive damages.

ELECTRONICALLY FILED - 2025 Oct 06 4:15 PM - CHEROKEE - COMMON PLEAS - CASE#2025CP1100654

WHEREFORE, Plaintiff prays for (1) trial by jury; (2) judgment against Defendant in an amount of actual, consequential, compensatory, special and punitive damages, (3) for interest on the sum(s) proven to be due; and (4) for such other and further relief as the Court deems just and proper.

Respectfully submitted,

HALLIGAN MAHONEY WILLIAMS SMITH FAWLEY & REAGLE, PA

By: *s/Thomas K. Barlow*
Thomas K. Barlow, S.C. Bar No. 8995
tbarlow@hmwlegal.com

P.O. Box 11367
Columbia, South Carolina 29211
(803) 254-4035
*Attorneys for Plaintiff*

October 6, 2025
Columbia, South Carolina

ELECTRONICALLY FILED - 2025 Oct 06 4:15 PM - CHEROKEE - COMMON PLEAS - CASE#2025CP1100654

ELECTRONICALLY FILED - 2025 Aug 26 2:41 PM - CHEROKEE - COMMON PLEAS - CASE#2025CP1100654

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | |
| | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHEROKEE | ) | |
| | | |
| Sonya McGill, | ) | |
| | ) | C.A. Number: 2025-CP-11-_____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **SUMMONS** |
| | ) | |
| Nestlé Prepared Foods Company, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to this said Complaint upon the subscriber, at the address shown below, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, Plaintiff will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

HALLIGAN MAHONEY WILLIAMS SMITH
FAWLEY & REAGLE, PA

By: *s/Thomas K. Barlow*
Thomas K. Barlow, S.C. Bar No. 8995
tbarlow@hmwlegal.com

P.O. Box 11367
Columbia, South Carolina 29211
(803) 254-4035
*Attorneys for Plaintiff*

August 26, 2025
Columbia, South Carolina

ELECTRONICALLY FILED - 2025 Aug 26 2:41 PM - CHEROKEE - COMMON PLEAS - CASE#2025CP1100654

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | SEVENTH JUDICIAL CIRCUIT |
| COUNTY OF CHEROKEE ) | |
| ) | |
| Sonya McGill, ) | C/A Number: 2025-CP-11-_____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| Nestlé Prepared Foods Company, Inc. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

COMES NOW Plaintiff, Sonya McGill, by and through her undersigned counsel, and states:

### PARTIES

1. Plaintiff, Sonya McGill, is a citizen and resident of Cherokee County, South Carolina and former employee of Nestlé Prepared Foods Company, Inc. at its operations in Cherokee County, South Carolina.

2. Defendant, Nestlé Prepared Foods Company, Inc. ("Nestlé") is a Pennsylvania Corporation with its principal place of business in South Carolina in Cherokee County, South Carolina.

3. This Honorable Court has jurisdiction over the parties and subject matter of this action and venue is proper in this Court.

### FACTUAL BACKGROUND

4. Plaintiff began working for Nestlé at its Gaffney, South Carolina location in August 2021. She successfully worked on different shifts in the freezer and on the tray hopper at the plant and was an employee in good standing prior to developing medical issues.

5. Due to serious health issues and concerns, Plaintiff was required to take medical leave in the summer of 2023 and was placed on leave under the Family and Medical Leave Act

(FMLA) and short-term disability leave by way of Nestlé's third-party administrator.

6. Nestlé subsequently miscalculated Plaintiff's leave entitlement under the FMLA and terminated her employment while she was on company-assured FMLA leave on or around November 10, 2023, while she was under doctor's care with restrictions.

7. During her approved leave in the Fall of 2023, Plaintiff attempted to retrieve some of her personal items from her locker at the Nestlé plant. She discovered that her badge had been deactivated, and she was aggressively approached by a security guard who refused to allow her to retrieve her personal belongings, yelled at her, and escorted her from the premises in full view of her co-workers.

8. Plaintiff's badge should have been activated at that point as she was awaiting a light duty work assignment that would have allowed her to return from medical leave.

9. Plaintiff is informed and believes that human resources representative, Kevin Harper, directed the security guard to deactivate Plaintiff's work badge and escort her from the premises in view of her co-workers.

10. The obvious insinuation from these actions was that Plaintiff had engaged in some type of misconduct which would warrant a deactivated badge, security escort from the premises, and being banned from the workplace. These actions were obviously humiliating and embarrassing to Plaintiff.

11. Plaintiff was eventually provided the excuse that she was not allowed on the premises because she was on a leave of absence. However, this was inconsistent with Plaintiff had previously been told, and the false insinuation created by the guard's actions was not corrected by way of any communication with Plaintiff's co-workers.

12. Plaintiff is informed and believes that her negative reaction to the security guard's outrageous and defamatory treatment of her ultimately resulted in the termination of her employment.

3

ELECTRONICALLY FILED - 2025 Aug 26 2:41 PM - CHEROKEE - COMMON PLEAS - CASE#2025CP1100654

## FOR A FIRST CAUSE OF ACTION
**(Defamation)**

13. Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 12 of the Complaint by reference.

14. By forcibly and aggressively removing Plaintiff from the premises and taking away her access to her personal belongings during her company approved leave of absence, Defendant falsely communicated to other Nestlé employees, in no uncertain terms, that Plaintiff was unfit for her position at Nestlé and that she had engaged in some type of misconduct that warranted her being treated as a trespasser at her place of employment.

15. Kevin Harper further communicated Plaintiff's unfitness for her job by making false accusations about Plaintiff's job performance and conduct and terminating her employment for pretextual reasons. This falsely communicated and insinuated that Plaintiff was incapable of performing or was not satisfactorily performing her job.

16. All of these communications and actions were false, unnecessary, unprivileged, in bad faith, and made with actual malice and reckless disregard of their truth or falsity, as they were motivated by a desire to humiliate and embarrass Plaintiff and brand her as an untrustworthy and difficult employee.

17. These communications were also defamatory *per se* as they conveyed the message that Plaintiff was unfit for her trade or profession and damaged her in her occupation. As such, Plaintiff's damages are presumed.

18. As a direct result and consequence of the defamation of Plaintiff by Defendant's agents' actions, Plaintiff has and will suffer special damages, including but not limited to loss of

reputation, mental anguish, emotional distress, pain and suffering, damage to her profession and occupation, and ability to earn income now and in the future.

19.     Plaintiff is entitled to actual and punitive damages.

WHEREFORE, Plaintiff prays for (1) trial by jury; (2) judgment against Defendant in an amount of actual, consequential, compensatory, special and punitive damages, (3) for interest on the sum(s) proven to be due; and (4) for such other and further relief as the Court deems just and proper.

                                              Respectfully submitted,

                                              HALLIGAN MAHONEY WILLIAMS SMITH FAWLEY & REAGLE, PA

By:  *s/Thomas K. Barlow*
      Thomas K. Barlow, S.C. Bar No. 8995
      tbarlow@hmwlegal.com

      P.O. Box 11367
      Columbia, South Carolina 29211
      (803) 254-4035
      *Attorneys for Plaintiff*

August 26, 2025
Columbia, South Carolina